UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PSI MARINE, INC., | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SEAHORSE DOCKING LLC, | : | |
| | : | |
| Defendant. | : | FEBRUARY 7, 2024 |

## COMPLAINT

Plaintiff PSI Marine, Inc. ("PSI Marine"), by its undersigned attorneys, in accordance with Fed. R. Civ. P. 15, and in support of its claims against defendant Seahorse Docking LLC ("Seahorse" or "Defendant") respectfully makes the following allegations:

## PARTIES

1.      Plaintiff, PSI Marine is a Michigan corporation having a principal place of business located at 3075 Shattuck, Suite 801, Saginaw, MI 48603.

2.      Defendant, Seahorse is a limited liability company existing under the laws of Connecticut having a principal place of business at 80 Sheldon Rd. Manchester, CT 06042. Upon information and belief, Carmen Martocchio, a citizen of Connecticut domiciled in Vernon, is the sole member of Seahorse.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the trademark laws of the United States (Title 15 Chapter 22 of the United States Code) and the copyright laws of the United States

- 1 -

(Title 17 of the United States Code).  In addition, this Court has subject matter jurisdiction based on complete diversity of citizenship between the parties and because the value of the rights of PSI Marine implicated by the conduct alleged herein and the actual potential loss to PSI Marine as a result of the Defendant's unlawful conduct exceeds $75,000 pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction over the state counts under 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Seahorse because, *inter alia* Seahorse has conducted and continues to conduct business in this judicial district and because Defendant has committed acts of trademark infringement in this judicial district. Seahorse also operates a fully interactive website at seahorsedocking.com through which products associated with the offending mark and associated with the false advertising can be purchased.   The exercise of personal jurisdiction over Seahorse is reasonable and fair.  Personal jurisdiction over Seahorse may be established under Fed. R. Civ. P. 4(k). Seahorse may be found in this district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) (because Seahorse resides in this judicial district), 1391(b)(2) (because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district) and 1400(a) (because Seahorse may be found in this judicial district).

## COMMON ALLEGATIONS

6.      PSI Marine sells mooring products for docks and watercraft under the trademark TIDESLIDE. The TIDESLIDE trademark is owned by PSI Marine's principal, Mark Baluha, and PSI Marine is the exclusive licensee of the TIDESLIDE trademark.

7.      Baluha has been using the TIDESLIDE mark in commerce since 1999.

8.      On November 4, 2003, Baluha registered his TIDESLIDE mark, Registration No. 2,780,666, on the principal register in connection with: "Mooring Products For Docks And Watercraft, Namely, Metal Mooring Buoys, Metal Floating Docks, Metal Dock Cleats" in International Class 6; and "Mooring Products For Docks And Watercraft, Namely, Non-Metal Mooring Buoys, Non-Metal Dock Cleats" in International Class 20. A copy of the Registration is attached to this Complaint as Exhibit A and is incorporated by reference.

9.      The TIDESLIDE registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

10.     PSI Marine operates a website having the URL www.tideslide.com.

11.     PSI Marine has expended considerable funds and time in promoting its TIDESLIDE products. PSI Marine has also made considerable sales of products under its TIDESLIDE mark.

12.     PSI Marine, in addition to its website, also appears on both Instagram and Facebook using the TIDESLIDE name.  PSI Marine also attends trade shows relevant to its TIDESLIDE products where it displays the TIDESLIDE mark and exhibits the TIDESLIDE products.

13.     As a result, PSI Marine's TIDESLIDE mooring products have become very well-known and are well received in their relevant industry.

14.     PSI Marine has acquired value, name and brand recognition, and goodwill in the use of its TIDESLIDE mark as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its TIDESLIDE products.

15.     Defendant Seahorse owns and operates a fully interactive website, www.seahorsedocking.com, that advertises and offers certain products for sale to the general public within the United States.

16.     Members of the general public can actively search through products that are advertised, featured, and offered for sale on Seahorse's website, and ultimately purchase any of those products and arrange for shipping of the purchased product(s) through an interactive shopping cart feature.

17.     One category of products that has been offered on Seahorse's website is its Sea Slide products. Seahorse has used the Sea Slide mark (and SeaSlide variation) in connection with Mooring Products For Docks And Watercraft. Exhibit B.  The Sea Slide products were available for purchase through Seahorse's interactive website.

18.     Another category of products offered on Seahorse's website is its Tide Right products.  Seahorse uses the Tide Right mark in connection with Mooring Products For Docks And Watercraft. Exhibit C.

19.     Another category of products offered on Seahorse's website is its Flex Slide Products in connection with floating docks. Exhibit D.

20.     In addition to the acts set forth above, Seahorse, in a deliberate attempt to confuse relevant consumers, has mimicked and adopted the look and feel of PSI Marine's social media, booth displays, and various literature, such as consumer price lists.

21.     PSI Marine is also the exclusive licensee of a copyright in a brochure that includes a price guide and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright statutes, Title 17 United States Code, such copyright being assigned

Registration Number TX9-112-659 ("the '659 copyright registration"). A true and correct copy of the '659 copyright registration, including the underlying work is attached to this Complaint as Exhibit E.

22.     The author of the copyrighted subject matter created its content which includes but is not limited to various boat size categories and designations, various steel size categories and designations and the price guide's layout.

23.     Seahorse published a price guide, Exhibit F, which copies the boat size categories and designations, steel size categories and designations and the price guide's layout.

## COUNT ONE

### Violation of Section 32 of the Lanham Act
### (Infringement of Trademark Registration No. 2,780,666)

24.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-23 as if fully set forth herein.

25.     Seahorse has used, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration, TIDESLIDE, through its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft, under the name "Sea Slide."

26.     Seahorse's use of the "Sea Slide" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

27.     Seahorse used the "Sea Slide" name on identical, or at least related goods to those identified in PSI Marine's '666 registration.

28.     Seahorse targeted the same customers for its "Sea Slide" products as PSI Marine targets for its TIDESLIDE products.

29.     Seahorse used the same marketing channels in connection with its "Sea Slide products" as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

30.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Seahorse products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

31.     Seahorse's actions constitute infringement of PSI Marine's federally registered trademark TIDESLIDE mark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

32.     Seahorse's use of PSI Marine's registered trademark in connection with Seahorse's mooring products for docks and watercraft in interstate commerce has caused damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's federally registered trademark rights.

33.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Sea Slide" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine's '666 trademark registration in connection with its mooring products for docks and watercraft, thus rendering Seahorse's use of PSI Marine's registered trademark willful and deliberate.

## COUNT TWO

### Violation of Section 32 of the Lanham Act
### (Infringement of Trademark Registration No. 2,780,666)

34.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-33 as if fully set forth herein.

35.     Seahorse has used, and is continuing to use, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration, TIDESLIDE, through its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft, under the name "Tide Right." *See e.g.*, Exhibits C and G.

36.     Seahorse's use of the "Tide Right" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

37.     Seahorse uses the "Tide Right" name on identical, or at least related goods to those identified in PSI Marine's '666 registration.

38.     Seahorse targets the same customers for its "Tide Right" products as PSI Marine targets for its TIDESLIDE products.

39.     Seahorse uses the same marketing channels in connection with its "Tide Right" products as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

40.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of

the Seahorse products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

41.     Seahorse's actions constitute infringement of PSI Marine's federally registered trademark TIDESLIDE mark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

42.     Seahorse's use of a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration in connection with Seahorse's mooring products for docks and watercraft in interstate commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's federally registered trademark rights.

43.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Tide Right" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine's '666 trademark registration in connection with its mooring products for docks and watercraft, and is continuing to do so, thus rendering Seahorse's use of PSI Marine's registered trademark willful and deliberate.

## COUNT THREE

### Violation of Section 32 of the Lanham Act
### (Infringement of Trademark Registration No. 2,780,666)

44.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-43 as if fully set forth herein.

45.     Seahorse has used, and is continuing to use, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of the mark of

PSI Marine's '666 trademark registration, TIDESLIDE, through its advertising, promotion, distribution, and offering for sale of its dock product, under the name "Flex Slide." *See e.g.*, Exhibit D.

46.     Seahorse's use of the "Flex Slide" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

47.     Seahorse uses the "Flex Slide" name on identical, or at least related goods to those identified in PSI Marine's '666 registration.

48.     Seahorse targets the same customers for its "Flex Slide" products as PSI Marine targets for its TIDESLIDE products.

49.     Seahorse uses the same marketing channels in connection with its "Flex Slide" products as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

50.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration in connection with its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Seahorse products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

51.     Seahorse's actions constitute infringement of PSI Marine's federally registered trademark TIDESLIDE mark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

52.     Seahorse's use of a reproduction, copy and/or colorable imitation of the mark of PSI Marine's '666 trademark registration in connection with Seahorse's dock products in

interstate commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's federally registered trademark rights.

53.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Flex Slide" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine's '666 trademark registration in connection with its mooring products for docks and watercraft, and is continuing to do so, thus rendering Seahorse's use of PSI Marine's registered trademark willful and deliberate.

## **COUNT FOUR**

### **Violation of Section 43(a) of the Lanham Act**
### **(Federal Trademark Infringement)**

54.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-53 as if fully set forth herein.

55.     Seahorse has used, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE trademark through its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft, under the name "Sea Slide."

56.     Seahorse's use of the "Sea Slide" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

57.     Seahorse used the "sea slide" name on identical, or at least related goods to those sold by PSI Marine under its TIDESLIDE mark.

58.     Seahorse targeted the same customers for its "Sea Slide" products as PSI Marine targets for its TIDESLIDE products.

59.     Seahorse used the same marketing channels in connection with its "Sea Slide products" as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

60.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE mark in connection with Seahorse's advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Seahorse products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

61.     Seahorse's actions constitute infringement of PSI Marine's TIDESLIDE trademark violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Seahorse's use of PSI Marine's trademark in connection with its mooring products for docks and watercraft in interstate commerce has caused damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's TIDESLIDE trademark rights.

63.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Sea Slide" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine TIDESLIDE trademark in connection with its mooring products for docks and watercraft, thus rendering Seahorse's use of PSI Marine's trademark willful and deliberate.

- 11 -

## COUNT FIVE

### Violation of Section 43(a) of the Lanham Act
### (Federal Trademark Infringement)

64.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-63 as if fully set forth herein.

65.     Seahorse has used, and is continuing to use, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE trademark through its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft, under the name "Tide Right."

66.     Seahorse's use of the "Tide Right" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

67.     Seahorse uses the "Tide Right" name on identical, or at least related goods to those sold by PSI Marine under its TIDESLIDE mark.

68.     Seahorse targets the same customers for its "Tide Right" products as PSI Marine targets for its TIDESLIDE products.

69.     Seahorse uses the same marketing channels in connection with its "Tide Right" products as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

70.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE mark in connection with Seahorse's advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Seahorse

products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

71.     Seahorse's actions constitute infringement of PSI Marine's TIDESLIDE trademark violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE mark in connection with Seahorse's mooring products for docks and watercraft in interstate commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's TIDESLIDE trademark rights.

73.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Tide Right" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine TIDESLIDE trademark in connection with its mooring products for docks and watercraft, and is continuing to do so, thus rendering Seahorse's use of PSI Marine's trademark willful and deliberate.

## COUNT SIX

### Violation of Section 43(a) of the Lanham Act
### (Federal Trademark Infringement)

74.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-73 as if fully set forth herein.

75.     Seahorse has used, and is continuing to use, in interstate commerce and without authorization from PSI Marine, a reproduction, copy and/or colorable imitation of PSI Marine's

- 13 -

TIDESLIDE trademark through its advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft, under the name "Flex Slide."  Exhibit D.

76.    Seahorse's use of the "Flex Slide" name is similar in, *inter alia*, connotation to PSI Marine's registered TIDESLIDE mark.

77.    Seahorse uses the "Tide Right" name on identical, or at least related goods to those sold by PSI Marine under its TIDESLIDE mark.

78.    Seahorse targets the same customers for its "Flex Slide" products as PSI Marine targets for its TIDESLIDE products.

79.    Seahorse uses the same marketing channels in connection with its "Tide Right" products as used by PSI Marine in connection with its TIDESLIDE products, such as, *inter alia*, the internet and trade shows.

80.    Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE mark in connection with Seahorse's advertising, promotion, distribution, and offering for sale of its mooring products for docks and watercraft is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Seahorse products or as to Seahorse's affiliation, connection, approval, sponsorship, or association with PSI Marine.

81.    Seahorse's actions constitute infringement of PSI Marine's TIDESLIDE trademark violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82.    Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of PSI Marine's TIDESLIDE mark in connection with Seahorse's dock products in interstate

commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, profits, and the strength of PSI Marine's TIDESLIDE trademark rights.

83.     On information and belief, and by virtue of the widespread exposure and success of PSI Marine's TIDESLIDE products, Seahorse was actively aware of PSI Marine and its trademark rights in the TIDESLIDE mark when Seahorse began selling its "Flex Slide" products, yet proceeded anyway to use a reproduction, copy and/or colorable imitation of PSI Marine TIDESLIDE trademark in connection with its mooring products for docks and watercraft, and is continuing to do so, thus rendering Seahorse's use of PSI Marine's trademark willful and deliberate.

## COUNT SEVEN

### Violation of Section 43(a) of the Lanham Act
### (False Advertising)

84.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-83 as if fully set forth herein.

85.     Seahorse advertises on its website at https://www.seahorsedocking.com/products/seahorse-tide-right that its "Tide Right" product contains "patented self-adjusting fender and cleat." Exhibit C.

86.     A review of the records of the United States Patent Office available on-line at www.uspto.gov does not identify Seahorse as the owner of any U.S. Patent.

87.     U.S. Patent No. 11,035,090 is in the name of Seahorse Fender & Docking "LLC." Exhibit H.  Seahorse Fender & Docking LLC is a now dissolved Florida Limited Liability Company that is a different company from Seahorse.

88.     U.S. Patent No. 11,035,090 further does not disclose a "cleat."

89.     To the extent that Seahorse is relying on U.S. Patent No. 11,035,090 to substantiate the representation on its website, the representation is twice false. Seahorse does not own the '090 patent, nor does the '090 patent disclose a cleat so there is no "cleat" patented.

90.     Seahorse uses the false representations in commercial advertising or promotion, and it misrepresents the nature, characteristics, qualities of Seahorse's goods, services, or commercial activities that its self-adjusting fender and cleat are patented.

91.     Seahorse's false representations in connection with its mooring products for docks and watercraft in interstate commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, and profits.

92.     On information and belief, Seahorse was and is actively aware that it does not own any patent that protects both the self-adjusting fender and cleat as misrepresented on its website, and therefore Seahorse's false representations are willful and deliberate.

## COUNT EIGHT

### Violation of Section 43(a) of the Lanham Act
### (False Advertising)

93.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-92 as if fully set forth herein.

94.     Seahorse falsely advertises on its website at https://www.seahorsedocking.com/products/seahorse-tide-right that "Seahorse Docking offers the only adjustable Self-Leveling Docking System!" Exhibit C.

95.     PSI Marine offers for sale adjustable self-leveling docking systems.

96.     Seahorse uses the false representations in its commercial advertising or promotion, and it misrepresents the nature, characteristics, qualities of Seahorse's goods,

services, or commercial activities that it offers the only adjustable self-leveling docking system, and it also misrepresents the nature, characteristics, qualities of PSI Marine's goods, services, or commercial activities.

97.     Seahorse's false representations in connection with its mooring products for docks and watercraft in interstate commerce has caused, is causing, and will continue to cause damage to PSI Marine's business, reputation, goodwill, and profits.

98.     On information and belief, Seahorse was and is actively aware that it does not offer the only adjustable self-leveling docking system as falsely stated on its website, and therefore Seahorse's false representations are willful and deliberate.

<u>COUNT NINE</u>

**Copyright Infringement**
**(Infringement of Copyright Registration No. TX9-112-659)**

99.     PSI Marine repeats and realleges the allegations contained in paragraphs 1-98 as if fully set forth herein.

100.    Seahorse has infringed, and continues to infringed, the '659 Registration by displaying works that copy the expressed various boat size categories and designations, various steel size categories and designations and the price guides layout as covered by the '659 Registration on its website in connection with the advertising, promotion, and offering for sale of Seahorse's products without the approval from PSI Marine.

101.    Seahorse's reproduction of PSI Marine's copyrighted work and its infringement of PSI Marines copyright has been, and continues to be, willful and deliberate.

102.    Seahorse's infringement of PSI Marine's copyright has caused, is causing, and will continue to cause irreparable injury to PSI Marine.

## COUNT TEN

## Unjust Enrichment

103.    PSI Marine repeats and realleges the allegations contained in paragraphs 1-102 as if fully set forth herein.

104.    By misappropriating PSI Marine's valuable goodwill and reputation through the improper use of a name confusingly similar to TIDESLIDE, and by falsely advertising, Seahorse has benefited and been unjustly enriched to the detriment of PSI Marine.

105.    Seahorse has not paid PSI Marine for the benefits it has unjustly received and it is realizing profit and will continue to realize a profit from its improper use of the name confusingly similar to TIDESLIDE and its false advertising.

106.    An award of money damages alone cannot fully compensate PSI Marine for its injuries, and PSI Marine has no adequate remedy at law.

107.    PSI Marine is entitled to compensatory damages in the form of restitution and such other and further relief as the Court deems equitable and just.

## COUNT ELEVEN

## Common Law Unfair Competition

108.    PSI Marine repeats and realleges the allegations contained in paragraphs 1-107 as if fully set forth herein.

109.    PSI Marine has invested a substantial amount of time, effort, and money in developing its goodwill in the marketplace and that goodwill is inextricably linked to the TIDESLIDE mark.

110.    Seahorse was aware of PSI Marine's prior use of TIDESLIDE and adopted and used its "Sea Slide" name in disregard of PSI Marine's rights.

111.    Seahorse's actions have resulted in the misappropriation of, and trading upon, PSI Marine's valuable goodwill and business reputation at PSI Marine's expense and at no expense to Seahorse.  The effect of Seahorse's misappropriation of the goodwill symbolized by the TIDESLIDE mark is likely to unjustly enrich Seahorse, damage PSI Marine and confuse and/or deceive the public.

112.    Seahorse's actions constitute unfair competition with PSI Marine, which has caused and will continue to cause irreparable injury to PSI Marine's goodwill and reputation unless enjoined.

113.    An award of money damages alone cannot fully compensate PSI Marine for its injuries, and PSI Marine has no adequate remedy at law.

**COUNT TWELVE**

**Violation of Connecticut Unfair Trade Practices Act**
**(Conn. Gen. Stat. §§ 42-110a et. Seq.)**

114.    PSI Marine repeats and realleges the allegations contained in paragraphs 1-113 as if fully set forth herein.

115.    PSI Marine is a person within the meaning of Conn. Gen. Stat. §§ 42-110a(3) and 42-110g(a) entitled to bring an action under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*. ("CUTPA").

116.    At all relevant times, Seahorse was a person acting in the conduct of trade or commerce within the meaning of Conn. Gen. Stat. § 42-110a, *et seq*.

117.    The foregoing actions of Seahorse constitutes unfair and deceptive acts and practices in the conduct of trade or commerce that are unethical, unscrupulous and offensive to public policy, and are a violation of Conn. Gen. Stat. § 42-110b(a).

118.    As a result of the foregoing unfair and deceptive acts and practices, PSI Marine has suffered an ascertainable loss within the meaning of Conn. Gen. Stat. § 42-110g(a) and has suffered damages in an amount to be determined at trial.

119.    The foregoing actions of Seahorse shows calculated, deceitful, and unfair conduct, and reckless indifference to the rights of PSI Marine.  Accordingly, Seahorse is liable to PSI Marine for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).

120.    PSI Marine is transmitting a copy of this Complaint to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection for the State of Connecticut, as required by Conn. Gen. Stat. § 42-110g(c).

## PRAYER FOR RELIEF

WHEREFORE, PSI Marine respectfully demands:

1.      A declaration that Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of the PSI Marine's TIDESLIDE mark infringes the '666 trademark registration in violation of 15 U.S.C. § 1114;

2.      A declaration that Seahorse's use in commerce of a reproduction, copy and/or colorable imitation of the PSI Marine's TIDESLIDE mark infringes PSI Marine's TIDESLIDE trademark in violation of 15 U.S.C. § 1125(a).

3.      A declaration that Seahorse has falsely advertised that its products are patented when they are not in violation of 15 U.S.C. § 1125(a).

4.      A declaration that Seahorse has falsely advertised that it offers the only adjustable self-leveling docking system in violation of 15 U.S.C. § 1125(a).

5.      An award to PSI Marine of all profits gained by Seahorse as a result of Seahorse's trademark infringement and false advertising, increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

6.      An award to PSI Marine of actual damages sustained as a result of Seahorse's trademark infringement and false advertising, increased up to three times to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

7.      An award to PSI Marine of its costs and any additional damages to which PSI Marine is entitled as a result of Seahorse's infringement and false advertising;

8.      A declaration that this case to be exceptional and awards PSI Marine its reasonable attorney fees pursuant 15 U.S.C. § 1117;

9.      An order that Seahorse and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '666 trademark registration;

10.     An order that Seahorse and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from falsely advertising that its products are patented when they are not and from falsely advertising that Seahorse offers the only adjustable self-leveling docking system;

11.     An order that Seahorse must recall from any distributors, shippers, resellers, retailers, or wholesalers any and all advertising, products, packaging or any other items that infringe the '666 trademark registration or the TIDESLIDE mark;

12.     An order that Seahorse must deliver to PSI Marine any and all advertising, products, packaging, or any other items that infringe the '666 trademark registration or the TIDESLIDE mark;

13.     An order that Seahorse must recall from any distributors, shippers, resellers, retailers, or wholesalers any and all advertising, products, packaging or any other items that falsely advertises that its products are patented when they are not or that offers the only adjustable self-leveling docking system;

14.     An order that Seahorse must deliver to PSI Marine any and all advertising, products, packaging, or any other items that falsely advertises that its products are patented when they are not or that offers the only adjustable self-leveling docking system;

15.    An award to PSI of compensatory damages in the form of restitution resulting from Seahorse's unjust enrichment;

16.    A declaration that Seahorse's unauthorized reproduction and displaying of PSI Marine's copyrighted work, which is the subject of the '659 Registration in connection with the sale of Seahorse's products infringes the '659 copyright registration in violation of 17 U.S.C. § 501;

17.    An award to PSI Marine of its damages to compensate for Seahorse's copyright infringement pursuant to 17 U.S.C. § 504, including PSI Marine's actual damages and any additional profits of Seahorse;

18.    An award to PSI Marine of its full costs, including attorney fees, stemming from Seahorse's copyright infringement pursuant to 17 U.S.C. § 505;

19.    An order impounding all items that violate the exclusive rights of PSI Marine in its registered copyright pursuant to 17 U.S.C. § 503;

20.    An order that Seahorse and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '659 Registration pursuant to 17 U.S.C. § 505;

21.    That Seahorse be directed to pay to PSI Marine its attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g;

22.    That Seahorse be directed to pay to PSI Marine punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

23.    An award to PSI Marine of its costs, pre-judgment and post-judgment interest at the maximum allowable rate and fees; and

24.     That PSI Marine be granted all such other relief in law or in equity as this Court deems just and proper.

## JURY TRIAL DEMANDED

PSI Marine demands a jury trial on all issues so triable.


PLAINTIFF,
PSI MARINE, INC.



By _/s/ Glenn M. Cunningham_
Glenn M. Cunningham (ct09995)
Matthew Gibbons (ct31455)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-2819
Tel: (860) 251-5000
Email: gcunningham@goodwin.com
        mgibbons@goodwin.com
Its Attorneys

                -and-

Richard W. Hoffman (P42352)
Reising Ethington P.C.
755 W. Big Beaver Road
Suite 1850
Troy, Michigan 48084
Tel: (248) 689-3500
Email: hoffman@reising.com
_Pro Hac Vice Application Forthcoming_

                -and-

Katherine M. Baluha (P77340)
Katie Marie Law, PC
5798 Midland Road
Freeland, Michigan 48623
Tel: (989) 573-8330
Email: kbaluha@katiemarielaw.com
_Pro Hac Vice Application Forthcoming_

20876544v2